SUMMARY ORDER

Juan Aguilar-Guerra, a native and citizen of El Salvador, seeks review of an August 27, 2008 order of the BIA affirming the May 15, 2007 decision of Immigration Judge (“IJ”) Robert Weisel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Juan Aguilar-Guerra, No. A097 341 181 (B.I.A. Aug. 27, 2008), aff'g No. A097 341 181 (Immig. Ct. N.Y. City May 15, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
I. Asylum and Withholding of Removal
When the BIA adopts and supplements the decision of the IJ, we review the IJ’s decision as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See Passi v. Mukasey, 535 F.3d 98,101 (2d Cir.2008).
A. Particular Social Group
We conclude that the agency did not err in finding that Aguilar-Guerra failed to establish that he was persecuted, and has a well-founded fear of persecution, on account of a protected ground. See 8 U.S.C. § 1101(a)(42). Aguilar-Guerra argues that this finding was erroneous, because he is a member of the particular social group of “young Salvadoran men actively pressured to join gangs and who refused to do so.” However, he fails to establish that this is a “particular social group” within the meaning of the Immigration and Nationality Act. See 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)®.
In Ucelo-Gomez v. Mukasey, we agreed with the BIA’s holding that in order to constitute a particular social group, a pro *642 posed group must: (1) exhibit a shared characteristic that is socially visible to others in the community; and (2) be defined with sufficient particularity. 509 F.3d 70, 73 (2d Cir.2007) (per curiam) (citing Matter of A-M-E & J-G-U- 24 I. & N. Dec. 69, 74-76 (B.I.A.2007)). Applying that framework in Matter of S-E-G-, 24 I. & N. Dec. 579 (B.I.A.2008), the BIA considered the cases of applicants from El Salvador who, like Aguilar-Guerra, claimed eligibility for asylum based on their membership in the particular social group of Salvadoran youths who resisted recruitment by gangs. The BIA concluded that the proposed group did not satisfy the “particularity” and “social visibility” test set forth in Matter of A-M-E & J-G-U-, in part because “victims of gang violence come from all segments of society, and it is difficult to conclude that any ‘group,’ as actually perceived by the criminal gangs, is much narrower than the general population of El Salvador.” Id. at 586-88; see also Matter of E-A-G-, 24 I. & N. Dec. 591, 594 (B.I.A.2008).
Precedential BIA decisions such as these “ ‘are eligible for Chevron deference insofar as they represent the agency’s authoritative interpretations of statutes.’ ” See Yuen Jin v. Mukasey, 538 F.3d 143, 150 (2d Cir.2008) (quoting Manvand v. Gonzales, 501 F.3d 101, 104 (2d Cir.2007)). Here, we defer to the agency’s interpretation of the statute as announced in Matter of S-E-G- and Matter of E-A-G-. Because those decisions consider proposed social groups that are virtually indistinguishable from the group proposed here, we conclude that Aguilar-Guerra’s social group claim based on his resistance to gang recruitment fails.
Moreover, we find Aguilar-Guerra’s claim of persecution based on his membership in the particular social group of his family, who were civil patrollers, unavailing. Aguilar-Guerra failed to identify any record evidence indicating that his uncles were harmed because of their family relationship. See 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(a). Without such a showing, we cannot find any error in the BIA’s conclusion that he failed to establish that any harm to his relatives was on account of a protected ground.
B. Political Opinion
For similar reasons, Aguilar-Guerra’s argument that the guerrillas “imputed a political opinion on him suspecting him of being affiliated with or supporting the Armed Forces” because he had relatives in the civil patrol, is unavailing. Aguilar-Guerra has identified nothing in the record that supports his claim that his uncles’ deaths were related to his family’s involvement with the civil patrol. See Manzur, 494 F.3d at 295 (requiring an asylum applicant proceeding under a theory of imputed political opinion to “establish persecution ‘on account of a protected ground by showing that the persecutors perceived the applicant to have a political opinion and acted because of it”).
II. CAT Relief
Aguilar-Guerra has failed to raise any challenge to the agency’s denial of his CAT claim in his brief to this Court. Accordingly, we deem his CAT claim waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule *643 of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).